UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DRUCKZENTRUM HARRY JUNG GmbH & Co. KG,

Plaintiff,

v.

MOTOROLA, INC.,

Defendant.

Case No. 09-cv-7231

Judge John W. Darrah

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Druckzentrum Harry Jung GmbH & Co. KG ("DHJ"), filed suit against Motorola, Inc., alleging claims of breach of contract and fraudulent misrepresentation. Some of the claims in DHJ's Amended Complaint were dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Thereafter, following the close of discovery, Motorola filed a motion for summary judgment on DHJ's remaining claims. Motorola's Motion for Summary Judgment was granted on August 9, 2012, and the case was dismissed. DHJ filed an appeal of this dismissal with the Seventh Circuit on September 7, 2012, and that appeal is pending before the Circuit Court. Following the notice of appeal, Motorola filed a Bill of Costs. Motorola amended its Bill of Costs on October 23, 2012, and DHJ filed objections to the Bill of Costs on November 6, 2012.

Presently before the Court is Motorola's Bill of Costs in the amount of $19,717.37. As discussed below, costs are allowed in part and denied in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). A strong presumption exists favoring the awarding of costs to the prevailing party; the non-prevailing party bears the burden of overcoming this presumption. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). District courts enjoy wide discretion in determining and awarding reasonable costs. *Testa v. Vill. of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). Recoverable costs are set forth in 28 U.S.C. § 1920 and include the following: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *See* 28 U.S.C. § 1920.

A court does not, however, have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964). A prevailing party is entitled to recover costs only if (1) the expenses are allowable under Section 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

## ANALYSIS

Motorola requests recovery of the following in its Amended Bill of Costs: fees for deposition, hearing, and trial transcripts ($11,338.05); witness fees and expenses ($2,533.79); costs of making copies of materials ($5,095.53); and compensation of interpreters ($750.00). DHJ challenges some of the costs submitted by Motorola, asserting that Motorola failed to provide sufficient information for the Court to determine if certain costs were reasonable and necessary or otherwise not permitted under Fed. R. Civ. P. 54(d). Each disputed item on Motorola's Amended Bill of Costs is examined in turn.

### *Court Reporting and Transcript Costs*

Motorola's Amended Bill of Costs enumerates a total of $11,338.05 in fees for printed and electronically recorded transcripts. These court reporter and transcript costs are identified with additional specificity on page 5 of the Amended Bill of Costs. DHJ has raised objections to many of these transcript costs.

#### August 24, 2011 Transcript

Motorola seeks to tax $591.70 for a transcript of the proceedings before Magistrate Judge Cole on August 24, 2011. Motorola explains this cost was a necessary expense to defend issues raised by a discovery motion filed by DHJ. It is apparent that the transcript of that hearing, made available on the docket of the case, was 123 pages in length. DHJ argues that this cost was neither reasonably necessary nor within the rates established by the Judicial Conference. (Objections at 3.)

While the ordering of this transcript was reasonably necessary for Motorola to

address DHJ's motion to compel production, the cost does exceed the amount permitted by the Judicial Conference. This District's Local Rule 54.1(b) provides that transcript costs are limited to the rates established by the Judicial Conference at the time the depositions were taken: "Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." LR 54.1. The cost for a transcript is set at a maximum of $3.65 per page, plus $.90 for copies to each party. See Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. The cost of the August 24 transcript amounts to $4.81 per page. Because this exceeds the allowable rate, the 123-page transcript shall be allowed as a cost at $3.65 per page, thereby reducing this permitted expense from $591.70 to $448.95.

Roger Pilz Deposition Expenses

DHJ objects to some of the fees relating to the deposition of Roger Pilz, DHJ's Sales Manager. Motorola's Amended Bill of Costs identifies four separate charges relating to this deposition, totaling $3,058.75: $1,251.25 for the written transcript; $362.50 for court-reporting services; $1,095.00 for videographer services; and $350.00 for a videographic transcript of the deposition.

Specifically relating to the Pilz deposition, DHJ objects to the transcript deposition team's overtime fee of $187.50, the delivery fees of $21.00, and all the fees relating to the videography of Pilz's deposition, $1,445.00.

Addressing the overtime fee first, Motorola argues that the $187.50 fee was

appropriate here because Pilz was available for a total of two deposition days; however, Motorola provides, DHJ insisted that Pilz's deposition be completed in one day. (Mem. in Support of Am. Bill of Costs at 3-4.) DHJ counters that the Pilz deposition lasted over 8 hours due to Motorola's own lengthy questioning, beyond the 7-hour time limit provided by Fed. R. Civ. P. 30(d)(1). (Objections at 4.) DHJ's point ignores the fact that had the deposition extended into a second day, the remaining deposition time would still have accrued, and the court reporter would have charged for his or her appearance on Day 2. The court-reporter appearance fee was charged at a rate of $40 per hour. (Bill of Costs at 7.) Moreover, it is possible that other related fees, such as the "videographer setup" fee of $330.00 would have also been charged again on the second day, leading to even more transcription costs for the Pilz deposition. Because the overtime fee was adequately documented and explained, Motorola is entitled to the $187.50 overtime fee.

DHJ also disputes the $21.00 delivery fee relating to the Pilz deposition. Delivery fees incidental to the taking of a deposition have occasionally been allowed in this District when determined to be reasonably necessary. *See Manson v. City of Chicago*, 825 F. Supp. 2d 952, 958 (N.D. Ill. 2011). However, Motorola, other than asserting that some courts in this District award incidental charges such as delivery fees, makes no attempt to explain why this $21.00 fee is reasonable or necessary. The $21.00 delivery fee for the Pilz deposition is therefore denied. Thus, the $362.50 Motorola seeks for court-reporting services is reduced by $21.00, to $341.50.

DHJ further objects to the videography services relating to the Pilz deposition. In

particular, DHJ contends, Section 1920 provides for reimbursement of "print or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2). DHJ relies on case law from other district courts to support its position that a non-prevailing party should not be taxed for both the stenographic transcript and videographic transcript of a deposition. (Objections at 6.) However, the Seventh Circuit has held that the rules governing costs "allow the costs of both video-recording and stenographic transcription to be taxed to the losing party." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (*Little*); *see also Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010) (*Trading Tech*). Additionally, Motorola explains why both the stenographic and video transcripts of Pilz's deposition were reasonably necessary: it relied upon the stenographic transcripts in support of its summary judgment motion and intended to use the video-recorded testimony at trial, rather than flying Pilz in from Germany for the trial at a greater expense. (Mem. in Support of Am. Bill of Costs at 5-6.) DHJ counters that Pilz and CEO Harry Gall would have testified in person at trial; but Motorola asserts that at the time of the depositions, it was unclear if they would be presented live at trial. Hence, the costs relating to the videography of Pilz's testimony is allowed in the full amount of $1,445.00 ($1,095.00 for the videographer services and $350.00 for the videography transcript).

Harry Gall Deposition Expenses

DHJ also disputes the expenses sought by Motorola relating to the deposition of Harry Gall, DHJ's CEO from Germany. Motorola's Amended Bill of Costs identifies

four separate charges relating to the Gall deposition, totaling $1,141.00: $312.00 for the written transcript; $59.00 for court-reporting services; $670.00 for videographer services; and $100.00 for a videographic transcript of the deposition.

DHJ again objects to the $21.00 delivery fee relating to this deposition. As explained above, Motorola provides no explanation to support why the delivery charge is reasonably necessary, other than to state that "other incidental charges (*i.e.*, errata processing fee and delivery charges) are recoverable under 28 U.S.C. § 1920(2)." (Mem. in Support of Am. Bill of Costs at 4.) Finding no support from Motorola as to why the $21.00 delivery charge was reasonable and necessary, the $21.00 fee is denied from the Amended Bill of Costs. Thus, the $59.00 expense for court-reporting services relating to the deposition of Harry Gall is reduced by $21.00, to an allowed expense of $38.00.

DHJ raises similar objections regarding the dual stenographic and videographic recordings of the Gall deposition. Again, Motorola explains that the videographic transcript of Gall's deposition was necessary in the event that the case went to trial, while the stenographic transcript was used in preparing Motorola's motion for summary judgment. As the Seventh Circuit approved of awarding costs for both kinds of transcripts upon a showing that the transcripts are reasonable and necessary, the $770.00 fees for the videography of Gall's deposition is also permitted. *See Little*, 514 F.3d at 702.

Therefore, the costs relating to Gall's deposition sought by Motorola are reduced by $21.00, from $1,141.00 to $1,120.00.

<u>Electronic Transcripts</u>

DHJ next objects to the costs sought by Motorola relating to the electronic or "e-transcripts" of Mary Sloan[1], Scott Bojanoski, Giovanna Krozel, and David Buck because Motorola also seeks the costs of the regular deposition transcripts. The e-transcript of each of these witnesses' depositions cost $35.00 per e-transcript. It appears that the original transcripts were transcribed at a rate of $2.80 per page, a rate below the allowable rate of $3.65 per page under the Judicial Conference. Even including the $35 fee per e-transcript with the cost of the original transcript, the amount charged, per page, of each deposition transcript is below the maximum allowable rate of $3.65 per page. Local Rule 54.1(b) provides that "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." LR 54.1(b). Therefore, the fee of $35.00 for each of the e-transcripts of the four witnesses listed above is permitted.

Jenny Jun Deposition

DHJ also raises objections regarding the costs associated with the deposition of Jenny Jun, a manager with Motorola. In Motorola's Amended Bill of Costs, it identifies five separate charges relating to the Jun deposition, totaling $3,717.40: $1,295.40 for court-reporting services; $1,320.00 for videographer services; $487.50 for a videographic transcript of the deposition; $496.50 for the synchronization of the video to the transcript; and $118.00 for travel related to certification of deposition errata sheets in China.

The $1,295.40 for court-reporting services consists of multiple parts. The cost of

[1] The transcript of Mary Sloan's deposition also incurred a $6.00 delivery fee to Motorola. For the reasons discussed previously, and because Motorola failed to explain why the fee was reasonable and necessary, this $6.00 fee is denied.

the 307-page transcript at the maximum allowable rate of $3.65 comes out to $1,120.55. The court-reporting services charge also includes: $105.85 for the 29-page transcript word index at $3.65 per page; a $45.00 e-transcript fee; a $15.00 errata processing fee; and $9.00 for hand delivery. DHJ argues that beyond the expense of the 307-page transcript, the other costs were merely for defense counsel's convenience and that Motorola provided no explanation as to why those additional costs were necessary. (Objections at 5.)

Courts in this District are split as to the necessity of a transcript word index. Some courts have found that indexes are unnecessary business expenses, while others have held that indexes are critical to understanding the content of a deposition. *Compare LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *2 (N.D. Ill. Oct. 20, 2011) *with Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 WL 5845428, at *2 (N.D. Ill. Nov. 19, 2012) (*Plyler*). Again, Motorola makes no attempt to explain why the word index was necessary, only asserting that it believes the fee is covered under Section 1920. Because Motorola has failed to demonstrate the necessity of the word index, beyond counsel's own convenience, this charge of $105.85 is denied. Similarly, the errata fee and delivery charge have not been shown to be reasonably necessary; therefore, those charges of $15.00 and $9.00 are also denied. The e-transcript fee of $45.00 is permitted, as it was provided as an additional copy for counsel, as permitted under Local 54.1. Thus, the court-reporting services relating to the deposition of Jenny Jun is permitted in the amount of $1,165.55, the cost of the 307-page transcript at the maximum allowable rate ($1,120.55) and the cost of an e-transcript ($45.00).

DHJ raises objections to the dual stenographic and videographic recordings of the deposition of Jenny Jun. Motorola provided that the videographic transcript of Jun's deposition was necessary in the event that the case went to trial, as they did not intend to present Jun live at trial, while the stenographic transcript was used in preparing Motorola's motion for summary judgment. As the Seventh Circuit has found that awarding costs for both kinds of transcripts upon a showing that the transcripts are reasonable and necessary, the $1,807.50 fees (including the videographic services and the videographic transcript) relating to the video of Jun's deposition are also permitted. *See Little*, 514 F.3d at 702.

Motorola also seeks $496.50 for the synchronization of the video to the transcript, as well as $118.00 for travel charges relating to the certification of errata sheets; but, Motorola failed to submit receipts or invoices for any vendors who performed those services. Failing to provide evidence in support of these charges, these charges must be denied. "[T]he prevailing party must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary." *Trading Tech*, 750 F. Supp. 2d at 969.

Of the $3,717.40 Motorola seeks in its Amended Bill of Costs relating to the Jenny Jun deposition, Motorola is awarded $2,973.05.

Having carefully considered each of the charges submitted in Motorola's Amended Bill of Costs, as explained above, Motorola's costs relating to court-reporting and transcripts is reduced from $11,338.05 to $10,402.95.

*Witness Fees and Expenses*

Motorola asserts, in its Amended Bill of Costs, $2,533.79 in costs relating to Witness Jenny Jun, who was flown from Beijing to Chicago in January 2012, to facilitate her deposition. The costs relating to this witness include her airfare ($1,803.13), meals ($210.66), and four days of lodging ($520.00).

<u>Airfare</u>

For the deposition in this case, Jun flew from Beijing to Chicago on January 31, 2012, was deposed on February 3, 2012, then flew to San Francisco for personal reasons before returning to Beijing on February 7, 2012. Jun's flight actually cost $4,364.12; DHJ argues that this flight might have been significantly cheaper had she flown roundtrip from Beijing to Chicago and back. Countering this point, Motorola asserts a cost of $1,803.13 for the flight, by using an average of a range of prices from travel websites for a roundtrip flight from Beijing on January 31, 2013, to Chicago, returning February 4, 2013. (Mem. in Support of Am. Bill of Costs at 8.) DHJ performed a similar online search and found that the average airfare for such a flight was $1,169.00. (Objections at 8.) Neither DHJ nor Motorola provide any legal support for this unorthodox approach, and little legal authority exists regarding this attempt at price recreation. Going on various travel websites to ascertain what the price of a roundtrip ticket *might* be in the future is an inaccurate method of cost calculation, at best. Employing such a strategy to reconstruct Jun's possible ticket price fails to account for a variety of factors, including the price of fuel, seasonality, and the economy in general. Moreover, 28 U.S.C. § 1821, which governs the *per diem* costs of witnesses, provides:

> A witness who travels by common carrier shall be paid for the *actual expenses* of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of *actual cost* shall be furnished.

28 U.S.C. § 1821(c)(1) (emphasis added). The statute clearly requires evidence of *actual expenses*. Motorola is unable to establish what the *actual* cost of Jun's roundtrip flight from Beijing to Chicago would have been in January 2012. The average price of a future ticket conjured up by Motorola is insufficient, and Motorola has failed to adequately support the costs relating to Jun's flight. Therefore, the cost of Jun's flight is denied in its entirety.

Meals and Lodging

DHJ next disputes the costs asserted by Motorola relating to Jun's meals and her hotel during her stay in Chicago for her deposition. Motorola asserts $210.66 for Jun's meals in the course of her 4-night stay at a hotel in Chicago and indicates that her hotel stay cost $130.00 per night.

DHJ argues that at least two days of Jun's stay in Chicago were only for the convenience of Motorola's counsel to prepare her for the deposition, but Motorola asserts that the cost of 4 nights of lodging was reasonable, given Jun's long journey, the time change, and her review of documents to condense her deposition to a single day. Motorola's explanation of the necessity of a 4-night stay for a witness flying from China to Chicago is compelling, and Motorola has demonstrated that the cost of a 4-night stay was reasonable and necessary. Therefore, the $520.00 asserted in Motorola's Amended

Bill of Costs relating to Jun's hotel stay is allowed.

Jun's meal expenses during her 4-night stay in Chicago were as follows: $35.41 on January 31, 2012; $103.94 on February 1, 2012; $33.25 on February 2, 2012; and $82.09 on February 3, 2012. Under the *per diem* rate provided by the U.S. General Services Administration, meals and incidental expenses could be reimbursed at a rate of $71.00 per day, with $53.25 for the first and last days of travel. *See Trading Tech*, 750 F. Supp. 2d at 971; *see also* http://www.gsa.gov/portal/category/100120. On February 1, 2012, Jun's meals exceeded the *per diem* rate permitted of $71.00, and on February 3, 2012, her last day of travel for the deposition, her meals exceeded the allowable rate of $53.25. Therefore, the cost of Jun's meals shall be reduced by $32.94 and $28.84, respectively. Hence, the total cost allowed relating to Jun's meal expenses is $148.88.

Considering this analysis of the expenses relating to witness Jenny Jun, of the $2,533.79 asserted by Motorola in its Amended Bill of Costs, $668.88 is allowed.

*Copying Fees*

The costs of making copies of documents are taxable under Section 1920. While Motorola is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," as the prevailing party, it should "identify the 'nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost.'" *Plyler*, 2012 WL 5845428, at *4 (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (*Northbrook Excess*), and *Williams v. Z.D. Masonry, Corp.*, No. 07 C 6207, 2009 WL 383614, at *6 (N.D. Ill. Feb. 17, 2009)).

Here, Motorola asserts a total of $5,095.53 for copying costs. While Motorola's submitted records are sparse regarding the cost of a copy per page and the number of copies, Motorola explains that the copies were reasonably made for use in depositions, discovery production, and summary judgment briefs. (Mem. in Support of Am. Bill of Costs at 10.) The sum of $5,095.53 for copying is a reasonable cost, particularly considering the extensive discovery and motion practice of this case. *See Northbrook Excess*, 924 F.2d at 643. Accordingly, DHJ's request to exclude the copying expenses is denied, and $5,095.53 is taxed to DHJ for the copying costs.

*Interpreter Compensation*

Finally, DHJ objects to the cost asserted by Motorola in the Amended Bill of Costs for an interpreter. Motorola employed the use of an interpreter in conjunction with the deposition of DHJ's CEO, Harry Gall, who spoke little English. DHJ requests that the $750.00 fee for the interpreter be denied, as it is "not clear that the invoice submitted by Defendant even applies to this case." (Objections at 12.) Based on the date of the invoice relative to the date of the deposition, and the use of the same company, Transperfect, to provide court-reporting, videography, and interpreter services, it is apparent that this invoice of German to English interpretation was performed to assist Harry Gall, a German, in his deposition. This expense was reasonably necessary to facilitate the deposition of Gall, and the $750.00 cost is taxed over the objections of DHJ.

## CONCLUSION

For the reasons stated above, Motorola's Bill of Costs is allowed in part and denied in part. Costs shall be taxed in favor of Motorola and against DHJ in the amount of $16,935.11[2], as follows:

| | |
|---|---|
| For court-reporting and transcription costs: | $10,402.95 |
| For witness fees and expenses: | $668.88 |
| For copying fees: | $5,095.53 |
| For interpreter services: | $750.00 |
| **Total:** | **$16,917.36** |

Date: January 11, 2013

JOHN W. DARRAH
United States District Court Judge

[2] For a more detailed, graphical explanation of the exact deductions to the Amended Bill of Costs, please see Exhibit A of this Memorandum Opinion and Order.

**Druckzentrum Harry Jung GmbH Co. KG v. Motorola, Inc., Case No. 09-cv-7231**

# EXHIBIT A: REVIEW OF MOTOROLA'S AMENDED BILL OF COSTS

| ITEM | ASSERTED COST | DEDUCTION | BASIS FOR DEDUCTION | ALLOWED COST |
|---|---|---|---|---|
| **COURT REPORTING AND TRANSCRIPTION COSTS** | | | | |
| **8/24/11 Transcript** | $ 591.70 | $ 142.75 | Court reporting rate exceeds Judicial Conference allowance | $ 448.95 |
| **Roger Pilz Deposition** | | | | |
| *Written Transcript* | $ 1,251.25 | $ - | | $ 1,251.25 |
| *Court Reporting Services* | $ 362.50 | $ 21.00 | Delivery Fee | $ 341.50 |
| *Videographer Services* | $ 1,095.00 | $ - | | $ 1,095.00 |
| *Videographic Transcript* | $ 350.00 | $ - | | $ 350.00 |
| **Harry Gall Deposition** | | | | |
| *Written Transcript* | $ 312.00 | $ - | | $ 312.00 |
| *Court Reporting Services* | $ 59.00 | $ 21.00 | Delivery Fee | $ 38.00 |
| *Videographer Services* | $ 670.00 | $ - | | $ 670.00 |
| *Videographic Transcript* | $ 100.00 | $ - | | $ 100.00 |
| **Adriana Camara Deposition - Written Transcript** | $ 554.40 | $ - | | $ 554.40 |
| **Mary Sloan Deposition - Written Transcript** | $ 281.80 | $ 6.00 | Delivery Fee | $ 275.80 |
| **Scott Bojanoski Deposition - Written Transcript** | $ 485.80 | $ - | | $ 485.80 |
| **Giovanna Krozel Deposition - Written Transcript** | $ 592.20 | $ - | | $ 592.20 |
| **David Buck Deposition - Written Transcript** | $ 915.00 | $ - | | $ 915.00 |
| **Jenny Jun Deposition** | | | | |
| *Court Reporting Services* | $ 1,295.40 | $ 129.85 | Unnecessary Word Index; Delivery Fee, Errata Fee | $ 1,165.55 |
| *Videographer Services* | $ 1,320.00 | $ - | | $ 1,320.00 |
| *Videographic Transcript* | $ 487.50 | $ - | | $ 487.50 |
| *Synchronization of Video to the Transcript* | $ 496.50 | $ 496.50 | Inadequate Documentation | $ - |
| *Travel related to certification of deposition errata sheets* | $ 118.00 | $ 118.00 | Inadequate Documentation | $ - |
| **Court Reporting and Transcript Costs Total:** | **$ 11,338.05** | **$ 935.10** | | **$ 10,402.95** |

| **WITNESS FEES** | | | | |
|---|---|---|---|---|
| **Airfare for J. Jun to Attend Deposition from Beijing** | $ 1,803.13 | $ 1,803.13 | Insufficient Support for Roundtrip Flight Cost | $ - |
| **Meals for Deposition Witness J. Jun** | $ 210.66 | $ 61.78 | Exceeded Allowable Per Diem Rate | $ 148.88 |
| **Hotel Stay for Witness J. Jun, 1/31/12 through 2/3/12** | $ 520.00 | $ - | | $ 520.00 |
| **Witness Fees Total:** | **$ 2,533.79** | **$ 1,864.91** | | **$ 668.88** |

| **COPYING FEES** | | | | |
|---|---|---|---|---|
| **12/14/11 Color Copies** | $ 21.25 | $ - | | $ 21.25 |
| **12/15/11 Color Copies** | $ 12.50 | $ - | | $ 12.50 |
| **12/20/11 Photocopies** | $ 1,954.98 | $ - | | $ 1,954.98 |
| **1/22/12 Photocopies** | $ 1,678.62 | $ - | | $ 1,678.62 |
| **2/22/12 Photocopies** | $ 260.76 | $ - | | $ 260.76 |
| **3/13/12 Color Copies** | $ 56.25 | $ - | | $ 56.25 |
| **3/28/12 Photocopies** | $ 848.61 | $ - | | $ 848.61 |
| **5/9/12 Photocopies** | $ 83.01 | $ - | | $ 83.01 |
| **5/18/12 Photocopies** | $ 179.55 | $ - | | $ 179.55 |
| **Copying Fees Total:** | **$ 5,095.53** | **$ -** | | **$ 5,095.53** |

| **INTERPRETER COMPENSATION** | | | | |
|---|---|---|---|---|
| **Interpreter Services for Deposition of Harry Gall** | $ 750.00 | $ - | | $ 750.00 |
| **Interpreter Compensation Total:** | **$ 750.00** | **$ -** | | **$ 750.00** |

| | **$19,717.37** | **$2,800.01** | | **$ 16,917.36** |
|---|---|---|---|---|
| | **Total Asserted Cost** | **Total Deductions** | | **Total Allowed Cost** |